GALBRAITH *v.* VALLELY, TRUSTEE IN BANK-RUPTCY OF REISWIG, BANKRUPT.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 234. Argued March 18, 1921.—Decided April 11, 1921.

An assignee for the benefit of creditors turned over the assets to a trustee appointed in a later bankruptcy proceeding, less certain amounts which he claimed as compensation for services rendered and disbursements made, as assignee, before the bankruptcy adjudi-

cation. *Held,* that his claim was an adverse claim which the District Court was without jurisdiction to dispose of summarily in the bankruptcy proceedings over his objection. P. 48. *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18.

261 Fed. Rep. 670, reversed.

THE case is stated in the opinion.

*Mr. Fred B. Dodge,* with whom *Mr. Kay Todd, Mr. Walter Fosnes* and *Mr. Charles W. Sterling* were on the brief, for petitioner.

No appearance for respondent.

MR. JUSTICE DAY delivered the opinion of the court.

This is a writ of certiorari to review a decision of the Circuit Court of Appeals for the Eighth Circuit affirming an order of the District Judge for the District of North Dakota in a bankruptcy proceeding. The pertinent facts are: On August 15, 1917, one Conrad C. Reiswig executed a trust deed for the benefit of his creditors to John P. Galbraith, assignee and the petitioner herein. The assigned stock of merchandise was sold. Various proceedings and meetings of creditors were had, not necessary to recite. On December 22, 1917, upon the petition of creditors, Reiswig was duly adjudged a bankrupt, and Vallely, respondent herein, is his trustee in bankruptcy. Galbraith appeared in the bankruptcy proceedings and filed an account, claiming therein the right to retain a certain sum for fees and disbursements under the assignment; and paid over to the trustee in bankruptcy the other moneys which he had acquired. Thereupon the trustee in bankruptcy filed a petition with the referee in bankruptcy asking, in a summary proceeding, for an order upon Galbraith to show cause why he should not pay over the sum of $1,474.10, retained as fees and ex-

penses as trustee under the assignment. The referee in bankruptcy made an order that Galbraith forthwith pay over that sum to the trustee in bankruptcy or show cause why he should not do so. Galbraith appeared and set up that the order of the referee in the summary proceeding was without authority as he was an adverse claimant to the moneys referred to in the order, and that the court had no jurisdiction in a summary proceeding to hear and determine the questions involved. Without waiving objection, and subject to the right of Galbraith to assert his objection to the proceedings, testimony was taken concerning the money expended and retained by the assignee prior to the bankruptcy proceedings, for administering the estate. Among other things it was stipulated that, as to the particular money expended by the assignee, he was an adverse claimant. The referee delivered an opinion passing upon the amount of the expenditures and compensation, but held that Galbraith was an adverse claimant within the rule declared by this court in *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18, and that, therefore, the bankruptcy court was without jurisdiction to proceed in a summary manner, and discharged the order. The decision of the referee was reversed by the District Judge. 253 Fed. Rep. 390. The Circuit Court of Appeals affirmed the order of the District Court, 261 Fed. Rep. 670, and the case is here upon writ of certiorari.

We think the referee was right in holding that the case was governed by *Louisville Trust Co.* v. *Comingor, supra.* In that case a general assignment for the benefit of creditors was made within four months of the bankruptcy proceeding; the assignment was therefore an act of bankruptcy. A receiver was appointed in the bankruptcy court. The assignee turned over the proceeds of sale of the property, retaining his fees as assignee and his disbursements to counsel. A summary proceeding was begun in the District Court ordering the assignee to show cause

why he should not pay to the receiver the amounts retained. This order was made against the objection of the assignee that the court had no authority to proceed in that manner. This court held that the assignee was an adverse claimant as to these amounts, and that the District Court was without jurisdiction to determine the controversy in a summary proceeding. This case has been repeatedly cited as determinative of the law and practice in similar cases.[1]

The Circuit Court of Appeals made no reference to the *Comingor Case* and held the case was ruled by *Randolph v. Scruggs*, 190 U. S. 533; but that case did not present the question here involved. In that case there had been an assignment prior to the bankruptcy proceedings, and the question presented was whether a claim for professional services rendered in the course of a general assignment before the bankruptcy was entitled to be paid as a preferential claim out of the estate in the hands of the trustee in bankruptcy when the adjudication of bankruptcy had been made within four months after the making of the assignment, and the assignment set aside as in contravention of the bankruptcy law. It was held that the claim for compensation could be allowed so far as the services were shown to be beneficial to the estate.

In *Babbitt* v. *Dutcher*, 216 U. S. 102, also cited in the opinion of the Circuit Court of Appeals, it was held that books and records of a corporation, upon adjudication in bankruptcy, passed to the trustee; and belonged in the custody of the bankruptcy court, there being no adverse claim to them. Upon that state of facts it was

[1] See full consideration of the subject by the Circuit Court of Appeals of the Eighth Circuit, Judges Sanborn, Van Devanter and Reed, in *In re Rathman*, 183 Fed. Rep. 913; Collier on Bankruptcy, 11th ed., 525, 528, and cases cited in notes; Black on Bankruptcy, 974; 2 Remington on Bankruptcy, 2nd ed., § 1612; 1st Loveland on Bankruptcy, 2nd ed., 129.

held that, on a rule to show cause, the court could properly make an order compelling the delivery of the books to the trustee.  In the opinion in that case, *Louisville Trust Co.* v. *Comingor, supra,* and other cases are cited for the purpose of showing that a different rule would prevail when an adverse claimant set up a right to be heard in other than a summary proceeding.

It may be, as suggested by the Circuit Court of Appeals, that a summary proceeding at the instance of the trustee would afford a more speedy and economical administration of the estate in bankruptcy.  But the right to recover in such instances, only in suits of the ordinary character, with the rights and remedies incident thereto, has been consistently maintained by this court.  The principle of the *Comingor Case* has never been departed from in this court.  It establishes the right of an assignee for the benefit of creditors, to the extent that he asserts rights to expenses incurred and compensation earned under an assignment in good faith before the bankruptcy proceedings, to have the merits of his claim determined in a judicial proceeding suitable to that purpose, and not by summary proceedings where punishment for contempt is the means of enforcing the order.  We see no occasion to depart from this practice.  There was no waiver by the assignee of his rights in this respect.  He made no attempt to retain the body of the estate as against the trustee in bankruptcy.  As to his disbursements and compensation while acting as assignee, he asserted an adverse claim.  Under the settled rule of this court he could not be proceeded against summarily for such disbursements and compensation over his protest duly made against that method of procedure.

In our view the courts below erred in deciding otherwise, and the order of the Circuit Court of Appeals is, accordingly,

*Reversed.*