### In re MACRENARIS.

(District Court, S. D. Florida.   May 5, 1924.)

1. **Bankruptcy ⬤═➤288(1)—Bankruptcy court cannot determine substantial adverse claim in summary proceeding.**

   Bankruptcy court, in absence of consent, cannot determine substantial adverse claim in summary proceeding.

2. **Bankruptcy ⬤═➤288(1)—Controversy as to amount due held substantial, precluding bankruptcy court from determining amount due in summary proceeding.**

   Bankruptcy court could not, in summary proceeding, require one who had used bankrupt's boat for sponging voyage under agreement made prior to bankruptcy, entitling bankrupt to certain shares of· net proceeds of adventure, to pay trustee specified amount as share to which bankrupt was entitled, where other party claimed that certain amount should be deducted for expenditures during operation of boat and for payment of bill for repairs, which bankrupt had promised to pay out of his share of proceeds: there being in such case a substantial dispute as to amount due bankrupt.

In Bankruptcy.   In the matter of Emanuel Macrenaris, bankrupt. On trustee's petition for rule requiring Vasseles Pappas to show cause why he should not be adjudged in contempt for noncompliance with referee's order for payment to trustee of specified amount.   Order quashed, and rule discharged.

N. B. K. Pettingill, of Tampa, Fla., for petitioner.
McKay & Withers, of Tampa, Fla., for respondent.

JONES, District Judge.   In June, 1922, Emanuel Macrenaris was owner of the diving boat Kilkis, which was used in fishing for and gathering sponges off the coast of Florida.   At that time one Vasseles Pappas contemplated a cruise in connection with others for the purpose of gathering sponges for sale.   Macrenaris entered into an agreement with Pappas for the use of said diving boat Kilkis, and it was agreed between the parties that the compensation to be paid for said boat should be three shares of the net proceeds of said adventure.

At the time this agreement was made the boat Kilkis was on the ways being repaired by the marine shop of one Kiminis.   Pappas, before taking the boat out, promised Kiminis he (Pappas) would pay the bills for such repairs out of the shares of the boat.   Macrenaris was present when this agreement from Pappas to Kiminis was made. The sponging voyage was made, lasting from June, 1922, to some time in December, 1922.   During this time Macrenaris filed a voluntary petition in bankruptcy in this court, was duly adjudicated a bankrupt, and a trustee of the estate was elected and qualified.

Upon the return of the boat Kilkis the trustee personally called upon Pappas, advised him of the fact that Macrenaris had been adjudicated a bankrupt, and demanded that the proceeds of said voyage belonging to the boat Kilkis or to the bankrupt be paid by Pappas to said trustee.   The sponges, at the time of such demand, had not been sold. The sponges were subsequently sold, and the proceeds from three shares allotted to the Kilkis, amounting to about $451 50, were turned

over to Pappas. Pappas failed to pay over to the trustee the full amount of said three shares, but presented a statement to said trustee showing that he had paid "during this trip" certain amounts in connection with the operation of the boat, amounting to $153.90, and claiming also other expenditures, including payment of bill of Marine Engine Works (Kiminis), which he had promised to pay from the proceeds of the three shares allotted the Kilkis. The deduction of these disbursements from the amount allotted the Kilkis left a balance of' about $14.75, which Pappas offered to pay to the trustee, and which the trustee refused to accept.

On or about May 28, 1923, the trustee presented a petition to the referee, alleging the refusal or failure of Pappas to pay over the full amount of the three shares referred to above, and praying that a rule issue against Pappas requiring him to pay over the $451.50 claimed by the trustee, and show cause why he (Pappas) should not be adjudged in contempt and punished therefor. The referee issued the rule as prayed for, and Pappas in response thereto appeared on June 11, 1923, before the referee, who proceeded to take testimony as to the facts. The trustee, the bankrupt, and Pappas testified, and a transcript thereof is before the court. After hearing the testimony the referee made an order directing Pappas to pay over to the trustee the sum of $451.50.

Under date of September 20, 1923, the trustee again presented to the referee a petition for rule against Pappas, setting forth the fact that Pappas, as required by order of the referee referred to above, had given the trustee his check for $451.50, but before presentation of same by the trustee Pappas stopped payment thereon. The petition prayed that Pappas be required to show cause why he should not be adjudged in contempt. Pappas appeared in person and by attorney demurred to the petition. He admitted that he stopped payment of the check, but pleaded it was done within his legal rights and upon advice of counsel. The demurrer was stricken from the files by the referee at the time of the hearing on the petition, and a further order made requiring Pappas within five days to pay over to the trustee the $451.50 and costs. Pappas failed to comply with this order, and the matter now comes on to be heard by the court upon a rule requiring Pappas to appear on a day certain and show cause why he should not be adjudged in contempt of court. Pappas filed his answer to the rule and appeared through counsel.

The defense is that the referee exceeded his authority in issuing his order requiring Pappas to pay the entire amount earned by the boat Kilkis, that said order is therefore void, and no contempt could grow out of a failure to obey same. The question, therefore, for the court to decide, is: Does the Bankruptcy Act (Comp. St. §§ 9585–9656) give the referee, or this court, as a court of bankruptcy, power to adjudicate this question by a summary proceeding, as has been attempted, or has this respondent a right to have the matter adjudicated in a plenary suit?

[1, 2] It appears to the court that the question presented is one of fact, for it is conceded by counsel on both sides that, if the claim of

Pappas is a substantial adverse claim, and not colorable only, a court of bankruptcy is without power to determine such a controversy (in the absence of consent) in a summary proceeding. The law is unquestionably to this effect. See Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620; Galbraith v. Vallely, 256 U. S. 46, 41 Sup. Ct. 415, 65 L. Ed. 823.

The facts, as they appear from the testimony, bear out the contention of the respondent that the claim of Pappas is substantial, and may not be determined in a summary proceeding. It appears from this testimony that the claim of Pappas to use a portion of the funds allotted to the Kilkis in the payment of debts incurred for work thereon was agreed to between Pappas and Macrenaris before the petition in bankruptcy was filed, and the statement given the trustee by Pappas and filed in evidence by the trustee shows expenditures "during this trip by the captain" (Pappas), amounting to $153.90. This entry indicates the expenditures covered by this item were made before Pappas received the $451.50 earned by the boat.

I am therefore of the opinion that the money earned by the Kilkis was not a trust fund, to be paid by him in its entirety to Macrenaris or his trustee in bankruptcy. The amount due from this fund to the bankrupt must be found from the terms of the agreement between the parties covering the use of the Kilkis, and, as this amount is in dispute, and the claims of Pappas, or at least some of them, are substantial, this court is without power to determine the rights of the parties in a summary proceeding. The referee was without authority to issue the orders requiring Pappas to pay over to the trustee the proceeds of shares earned by the Kilkis, and Pappas, in failing to comply with same, is not guilty of contumacy.

The orders of the referee, requiring payment by Pappas, are void, and should be quashed. The rule herein should be discharged, and the respondent permitted to go hence without day.

Such orders will be entered.