## In re FRIEDMAN BROS., TAILORS, Inc.

District Court, D. Minnesota, Third Division.
May 12, 1927.

1. Bankruptcy ⊕⟹288(6)—Referee is without jurisdiction by summary order to require adverse claimant to turn over property.

A proceeding before a referee to require a third person, claiming adversely, to turn over property in his possession to a trustee, is a controversy arising in a bankruptcy proceeding, and not an administrative proceeding, and the referee is without jurisdiction to determine it summarily, unless by consent.

2. Bankruptcy ⊕⟹288(6)—One having substantial claim to lien on property in his possession is an "adverse claimant."

One who has substantial claim to a lien on property in his possession is an "adverse claimant."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Adverse Claimant.]

3. Bankruptcy ⊕⟹212—Bankruptcy court may summarily determine controversy over liens on property in possession of trustee.

Bankruptcy court has jurisdiction to determine in summary proceeding a controversy between a trustee and an adverse claimant over liens on property which has been lawfully reduced to possession of the trustee.

4. Bankruptcy ⊕⟹288(7)—Bankruptcy court has power to determine whether adverse claim is substantial or merely colorable.

Bankruptcy court is not ousted of summary jurisdiction by mere assertion of adverse claim, but has power to determine whether claim is substantial and real, or merely colorable.

5. Bankruptcy ⊕⟹288(6)—Assignees for benefit of creditors and receivers are not adverse claimants, if appointed within four-months period (Bankruptcy Act, § 23 [Comp. St. § 9607]).

Assignees for benefit of creditors and receivers in creditors' or insolvency suits, as such, are not adverse claimants, if appointed within four months of the bankruptcy, but are only representatives of bankrupt, within Bankruptcy Act, § 23 (Comp. St. § 9607); but this rule is inapplicable to money claimed by and allowed to such assignees or receivers personally as compensation for their services.

6. Bankruptcy ⊕⟹288(6)—Referee held without jurisdiction by summary order to require state receiver and his counsel to pay over to trustee sums awarded them for services by state court.

A state court in a creditors' suit appointed a receiver for a corporation. A few days afterward an involuntary petition in bankruptcy was filed against the corporation, but no receiver was appointed, and adjudication was made and trustee appointed several months later. In the meantime, under order of the court, the state receiver sold the property of the corporation and collected assets. An application to the bankruptcy court to restrain the sale was denied. After his appointment the trustee made demand on the receiver for the property and funds in his hands, which was refused. The receiver filed his account, and notice of hearing thereon was given the trustee; but he did not appear. The court approved the account, made allowances to the receiver for his disbursements and his services, and to his counsel, and directed the balance and other property in his hands to be turned over to the trustee, which was done. *Held*, that the state court could not take notice of the bankruptcy proceedings, that its action was regular and lawful, and that a referee was without jurisdiction by summary order to require the state receiver and his counsel to pay over to the trustee the amounts awarded them by the state court.

In Bankruptcy. In the matter of Friedman Bros., Tailors, Incorporated, bankrupt. On review of order of referee. Reversed.

John C. De Courcy, of St. Paul, Minn., for trustee.

William P. O'Brien, Morton Barrows, and A. B. Jackson, Jr., all of St. Paul, Minn., and Deutsach, Loeffler & Amick, of Minneapolis, Minn., for creditors.

Morphy, Bradford, Cummins, Cummins & Lipschultz, of St. Paul, Minn., for receiver.

MOLYNEAUX, District Judge. This is a petition to review an order of the referee in bankruptcy. The pertinent facts are:

On April 26, 1926, William Harris brought suit in the district court of Ramsey county, Minn., against Friedman Bros., a corporation, alleging in his complaint that the said Friedman Bros. was indebted to him, and other creditors, greatly in excess of its assets, and praying a receiver be appointed to take possession of the property of the corporation, to the end that such property might be conserved and sold, and the affairs of the corporation wound up and the proceeds of the property distributed among the creditors of the corporation in payment of their claims.

The defendant answered in said suit, admitting the allegations of the complaint, and further alleging that it was unable to pay its debts in the ordinary course of business. Such proceedings were had in said action that an order was entered in said state court on April 26, 1926, whereby William Harris was appointed receiver of all of the property of said corporation, with powers and duties as prayed for in said complaint. Such further proceedings were had in said suit that said receiver, Harris, was by an order of the state district court, dated May 7, 1926, authorized to sell the stock of merchandise and fixtures of said corporation, and pursuant thereto

said stock of merchandise and fixtures were sold for the sum of $15,331.12, and the sale was confirmed by said state court.

It also appears that the receiver received from other sources in said receivership—that is, from moneys in the bank at the time of the appointment of the receiver, to the credit of the corporation, and by collecting in outstanding accounts—the further sum of $12,241.87, making a total in his hands as receiver, $27,572.99. This amount was in the hands of the receiver at the time the corporation was adjudicated a bankrupt as hereinafter stated.

An involuntary petition in bankruptcy was filed against the corporation in 'the United States District Court for the District of Minnesota, Third Division, on April 30, 1926, and said corporation was adjudged a bankrupt on the 9th day of October, 1926, and Albert Wunderlich was duly appointed and qualified as trustee of said bankrupt on November 19, 1926. It further appears that, within a few days after his appointment, the trustee in bankruptcy demanded of said receiver that he deliver to him possession of the funds and other property belonging to said estate in the hands of the receiver, and delivery thereof was refused by the receiver.

Thereafter said receiver filed in said receivership proceedings his account of said receivership, and a petition asking the court to allow said account and, among other items, to allow the fees of the receiver and his attorney, also fees to the attorney for the corporation, for services rendered by him in said receivership. The said petition recited the demand of the trustee in bankruptcy so as aforesaid made upon him for possession of the assets. Thereupon said state district court made its order for the hearing of said petition and accounting, and ordered that service of said order be made as therein directed upon all of the creditors "who have filed claims in this proceeding, and upon Albert Wunderlich, trustee in bankruptcy and upon the defendant."

The order was served as directed. The trustee failed to appear at said hearing; some of the creditors, including the petitioning creditors in the involuntary petition in bankruptcy, appeared and contested the amount of the proposed allowance in fees, and did not object to the jurisdiction of the court. It further appears that, upon such hearing, said state district court made its order in December, 1926, allowing the receiver, as fees for his services in said receivership, $1,150; his attorneys, for their services, $2,000; $237.53 for cash disbursements; and also allowed Harold C. Kerr, attorney for the corporation, the sum of $300 for services rendered in said proceeding.

The order further directed that said receiver pay said fees and disbursements, and deliver the remaining proceeds in his hands, and any other assets of said estate in his hands, to said trustee in bankruptcy. This direction of the court was carried out.

On March 3, 1927, said Albert Wunderlich, trustee, filed his petition before the referee in bankruptcy for the Third Division, United States District Court for the District of Minnesota, praying for an order to be served on the said William Harris, John Bradford, and Harold Kerr to show cause why the amounts paid to them as fees as aforesaid, out of the assets of said estate, be not returned and delivered to said trustee in bankruptcy, and an order was made by said referee, ordering said Harris, Bradford, and Kerr to appear before the referee to show cause why the amounts mentioned as having been received by them, out of the assets of said estate, "be not ordered returned and delivered to the trustee for the reasons stated in said petition."

After a hearing, an order was entered by said referee in bankruptcy, ordering said parties to pay over said amounts to said trustee, and this is a petition to review said order. At the hearing on said order, said receiver and said Bradford and Kerr made a special appearance and objected to the jurisdiction of said referee to hear and determine said controversy.

The contention of said receiver and said Bradford and Kerr is that they are adverse claimants in possession of the said property, and that the referee has no jurisdiction in this summary proceeding to determine the controversy between the receiver and the trustee.

[1] 1. It is clear that the proceeding instituted before the bankruptcy court is one involving a "controversy arising in a bankruptcy proceeding," and not an administrative proceeding in bankruptcy, which might be adjudicated in a summary "proceeding." Harrison, Trustee, v. Chamberlin, 271 U. S. 191, 193, 46 S. Ct. 467, 70 L. Ed. 897; In re Rathman (C. C. A.) 183 F. 913.

2. It is well settled that a court of bankruptcy has no jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, without the consent of the adverse claimant; but resort must be had by

the trustee to a plenary suit. Harrison v. Chamberlin, 271 U. S. 191, 193, 46 S. Ct. 467, 70 L. Ed. 897; Galbraith v. Vallely, 256 U. S. 46, 48, 41 S. Ct. 415, 65 L. Ed. 823; Mueller v. Nugent, 184 U. S. 1, 15, 22 S. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Comingor, 184 U. S. 18, 24, 22 S. Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley, 188 U. S. 620, 623; 23 S. Ct. 369, 47 L. Ed. 620; Schweer v. Brown, 195 U. S. 171, 172, 25 S. Ct. 15, 49 L. Ed. 144; Taubel Co. v. Fox, 264 U. S. 426, 433, 44 S. Ct. 396, 68 L. Ed. 770; May v. Henderson, 268 U. S. 111, 115, 45 S. Ct. 456, 69 L. Ed. 870; Board of Education v. Leary (C. C. A.) 236 F. 521, 524; Lynch v. Roberson (C. C. A.) 287 F. 433, 435, 437; In re Rathman (C. C. A.) 183 F. 913.

[2] One who has a substantial claim to a lien upon property in his possession is equally an adverse claimant with one who claims absolute title to the property. In re Rathman (C. C. A.) 183 F. 913, 921.

[3] The bankruptcy court has jurisdiction to determine in a summary proceeding, after reasonable notice to the claimants, the merits of a controversy between a trustee and such claimants over liens upon property which has been lawfully reduced to the possession of the trustee. Murphy v. John Hofman Co., 211 U. S. 562, 569, 570, 29 S. Ct. 154, 53 L. Ed. 327; Wabash R. Co. v. Adelbert College of the Western Reserve University, 208 U. S. 38, 54, 28 S. Ct. 182, 52 L. Ed. 379; In re Rathman (C. C. A.) 183 F. 913, and authorities there cited.

[4] The bankruptcy court is not ousted of its jurisdiction by the mere assertion of an adverse claim. It has the power in the first instance to determine whether it has jurisdiction to proceed. The court may inquire to determine whether the adverse claim is real and substantial or merely colorable. If it is found merely colorable, the court may then proceed to adjudicate the merits; but, if found to be real and substantial, it must decline jurisdiction and dismiss the summary proceeding. Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897; Louisville Trust Co. v. Comingor, supra; Taubel Co. v. Fox, supra; Mueller v. Nugent, supra; May v. Henderson, supra; Board of Education v. Leary, supra; Lynch v. Roberson, supra.

[5] Assignees for the benefit of creditors and receivers for the benefit of creditors in insolvency or winding-up suits are not adverse claimants, if such receiver was appointed or assignment made within four months of the filing of the petition in bankruptcy; but in such cases are only representatives of the bankrupt and his creditors, within the meaning of section 23 of the Bankruptcy Law (Comp. St. § 9607).

Such assignees and receivers have and claim no lien upon, right to, or interest in the property in themselves for which they gave a valuable consideration. The bankrupt may, by summary proceedings, take the actual possession of the property from such receiver and from others holding the property of the bankrupt for him, including the officers of the court, who replevin, attach, or garnishee the property, and may, in such summary proceedings, determine the validity of such claim or liens upon the property. In re Rathman (C. C. A.) 183 F. 913, 923.

But the rule is inapplicable, even in cases of a general assignment or the appointment of receivers for the benefit of creditors within four months of the filing of the petition in bankruptcy, where the assignee or receiver claims a right in himself to a lien upon or title to property assigned to and taken possession of by him as receiver or assignee for a commission, or moneys expended under the receivership or assignment. In re Rathman (C. C. A.) 183 F. 913, 923; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413; Galbraith v. Vallely, 256 U. S. 47, 41 S. Ct. 415, 65 L. Ed. 823.

If it is claimed that the lien of the receiver for services of himself, his attorneys, and his disbursements is conditioned by section 67f, Bankruptcy Law, Act July 1, 1898, Comp. Stat. § 9651, I think the contention cannot be maintained. That section declares that all judgments, attachments, and other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and that the property affected thereby shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall order the levy or lien preserved. This section refers to liens obtained through legal proceedings, such as attachments, levies, and garnishments. The lien claimed here by the assignee is not such a lien. It is a lien for services lawfully rendered, and for which the assignee has a lien by reason of his being an officer of the court in the receivership.

In Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413, a general assignment was made for the benefit of creditors, within four months preceding

the filing of the petition in bankruptcy, and the assignee thereby became an officer of the state court, holding and administering the trust under its orders. The bankruptcy court appointed a receiver, and the assignee turned over to him the balance of the proceeds of the sales he had made above his disbursements and fees for services, which he retained. He retained $3,398.90 for his services, and $3,200, which he had paid to his counsel for services rendered to him as assignee in the receivership. In a summary proceeding the bankruptcy court ordered him to show cause why he should not pay these amounts over to its receiver, and over his objection that it had no jurisdiction so to do the bankruptcy court determined the merits of the controversy and ordered him to pay the amounts to the trustee in bankruptcy.

The Supreme Court held that the assignee was an adverse claimant of these amounts, that the District Court was without jurisdiction to determine the merits of his claim in a summary proceeding, and said: "We think that it could not have been the intention of Congress thus to deprive parties claiming property, of which they were in possession, of the usual processes of the law in defense of their rights. Marshall v. Knox, 16 Wall. 556 [21 L. Ed. 481]; Smith v. Mason, 14 Wall. 419 [20 L. Ed. 748]. The question is whether the District Court had jurisdiction to finally adjudicate the merits in this proceeding. We have just held in Mueller v. Nugent, 184 U. S. 1 [22 S. Ct. 269, 46 L. Ed. 405], that the District Court has power to ascertain whether in the particular instance the claim asserted is an adverse claim existing at the time the petition was filed. And according to the conclusion reached the court will retain jurisdiction or decline to adjudicate the merits." In this case the Supreme Court affirmed a reversal to the order of the District Court which had been made by the Circuit Court of Appeals.

[6] 3. The order of the state court, allowing the receiver his disbursements and fees for himself and his attorney for services rendered in the receivership, was made in the regular course of the receivership proceeding in December, 1926, after the appointment of the trustee in bankruptcy in November. The assets of the bankrupt were sold under the order of the state court in May, 1926, after the filing of the petition in bankruptcy on April 30, 1926. The goods, being a merchant tailor's stock, would depreciate in value if held for any great length of time, as fashions change with the seasons. No receiver was appointed in the bankruptcy proceeding. Before the sale was made by the receiver under the order of the court, and before the bids were opened, an application was made in the federal District Court by certain creditors of the bankrupt, through their attorneys, for an order in the bankruptcy proceedings to restrain the sale of the assets by the receiver appointed by the state court, which application was heard by one of the judges of this court on May 15, 1926, and the application was denied, and thereafter the sale was made. From the time of the appointment of the receiver on April 26, 1926, to November 19, 1926, when the trustee in bankruptcy was appointed and qualified, there was no one to whom the receiver could have surrendered possession of the assets. The state court in possession of the assets was not only not enjoined from proceeding to the sale of the goods, but as we have seen, the bankruptcy court denied such an application. The state court, in the absence of any pleading or intervention of the trustee or creditors of the bankrupt, could not take notice of the bankruptcy proceeding. In re Rathman (C. C. A.) 183 F. 913, 928, 929, where Judge Sanborn says (page 928):

"Conceding, however, but neither deciding nor admitting, that the bankruptcy court might have enjoined the suit in the state court, might have taken the mortgaged property from the receiver of that court and have administered it, the fact remains that it did not do so, and that it and the creditors who were parties to that proceeding must have known from the bankrupt's inventory of this property of the possession and the continuing sales of this mortgaged property by the assignee and the receiver of the state court. In William Openhym & Sons v. Blake, 157 F. 536, 539, 87 C. C. A. 122, 125, this court sustained, and the Supreme Court affirmed its decision, the demand of an adverse claimant founded on a rescission of a contract and an identification of goods effected by an action in replevin against a receiver of a state court commenced after the commencement of bankruptcy proceedings, and said: 'While the bankruptcy court refrained from taking possession of the goods, the appellant should not suffer. The goods were in the custody of the law, and the acts of the state court and its receiver were presumably for the benefit of the estate.' The state court that conducted the foreclosure suit could not take notice of the bankruptcy proceeding."

Here the state court was allowed to remain in undisturbed possession of the goods; there was no one to whom it could relinquish possession. Having such possession, and without notice of the filing of the petition in bankruptcy, it continued to administer the estate. Moneys were disbursed and liens for services of the receiver and his attorneys accrued. Under such circumstances it was its duty to proceed to hear and pass upon the account of its receiver. It did in fact do so, upon due notice to the trustee and the creditors. The jurisdiction of the court was not challenged by the trustee, who failed to appear after due notice of the time and place of the hearing of the order to show cause why the account should not be allowed as prayed for by the petition of the receiver. The order of the state court was made allowing the account, and the receiver was directed by the order to pay the fees allowed, which he did.

In this plenary suit before the state court, it having jurisdiction of all the parties interested, the lien of the receiver was adjudicated, and I think the state court was acting within its jurisdiction. In re Rathman (C. C. A.) 183 F. 913; Shannon v. Shepard Mfg. Co., 230 Mass. 224, 119 N. E. 769.

The case of In re Watts & Sachs, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933, involved a consideration of the rights and duties of the receiver of a state court respecting property of one subsequently adjudged a bankrupt. It was said (190 U. S. at page 35, 23 S. Ct. at page 727, 47 L. Ed. 933): "It has been already assumed that the bankruptcy proceedings operated to suspend the further administration of the insolvent's estate in the state court, but it remained for the state court to transfer the assets, settle the accounts of its receiver and close its connection with the matter. Errors, if any, committed in so doing, could be rectified in due course and in the designated way."

As said in Shannon v. Shepard Mfg. Co., supra: "This statement does not appear to be susceptible of any other meaning than that the state court has jurisdiction over such issues arising on the receiver's account as to the amount of his compensation and the fees of his counsel." The receiver had a right to have his lien adjudicated in a plenary suit. The adjudication of the account in the receivership proceeding was such an adjudication.

The order of the referee is, for the foregoing reasons, reversed.