In re KOEGEL et al.

Ex parte BUSS.

No. 273.

Circuit Court of Appeals, Second Circuit.

March 7, 1932.

Frederick W. Hamberg, of New York City, for appellant.

Herman G. Robbins, of Brooklyn, N. Y. (I. Louis Kottler, of Brooklyn, N. Y., on the brief), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

■ The trustee secured an order directing the respondent in a summary proceeding to pay over $3,500. Of this, $2,400 was contributed by one Klinghofer, who deposited it as part of the money to put through a composition. Klinghofer disclaimed any ownership in the fund, but this did not prove that it was the bankrupt's money, and there is no evidence that it was. Indeed, if it was, it had been fraudulently withheld from the trustee, which we cannot assume. The trustee was therefore not entitled to it, even though Klinghofer was not. So far the order was certainly wrong.

■ The balance of the sum awarded was money retained by the respondent out of funds which he received as a trustee for creditors, under a transfer which was the equivalent, in substance, of an assignment for the benefit of creditors. He kept it under the claim that it was due him for expenses and to pay for his services as assignee. This was an adverse claim which could not be litigated in summary proceedings without the respondent's consent. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413; Galbraith v. Vallely, 256 U. S. 46, 41 S. Ct. 415, 65 L. Ed. 823; In re Jack Stolkin, Inc., 42 F.(2d) 829 (C. C. A. 2). May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870, is distinguishable because the claim there was made in bad faith and only colorable.

Order reversed; petition dismissed.