## In re POLOGE.

District Court, S. D. New York.
Feb. 23, 1935.

Charles Sonnenreich, of New York City, for trustee.

J. Leonard Stoll, of New York City, for respondents.

PATTERSON, District Judge.

The trustee in bankruptcy brought a summary proceeding to compel a firm of accountants, employed by an assignee for the benefit of creditors of the bankrupt and paid the sum of $225 by the assignee out of assets in his hands, to repay such sum to the trustee. The respondents appeared and objected to the jurisdiction. The referee in bankruptcy upheld the jurisdiction, found that the value of the respondents' services was only $85, and ordered them to pay $140 to the trustee.

The facts are these: The bankrupt on May 15, 1933, made an assignment for the benefit of creditors to one Rice. On the following day, May 16th, an involuntary petition in bankruptcy was filed, resulting in an adjudication later. Rice, the assignee, continued meanwhile to act under the assignment. On May 20th he hired the respondents to make an audit of the bankrupts' books. They did the work, and on June 9th the assignee paid them $225 for their services. The payment was made without order or authorization of the bankruptcy court.

The respondents maintain that they are adverse claimants and are not amenable to a summary order for repayment to any extent. Their position is untenable. The assignment of the benefit of creditors was rendered void by the filing of the petition in bankruptcy the following day. Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165. From that time forward the assignee's disposition of the assets was under control of the bankruptcy court. In re Neuburger, 240 F. 947 (C. C.A.2). Any person who after petition filed and with notice of it acquires any interest in the assets of the bankrupt or the assignee may be directed summarily to return the property to the bankrupt estate. May v. Henderson, 268 U.S. 111, 117, 45 S.Ct. 456, 69 L.Ed. 870. The cases cited by the respondents have to do with property acquired prior to bankruptcy and are not in point.

As to disbursements made by assignees for the benefit of creditors, with bankruptcy following within four months, therefore, the distinction is plain. For disbursements made° prior to the filing of the petition in bankruptcy and under substantial basis of legal right, the bankruptcy court has no summary jurisdiction (other than on consent) to compel repayment to the trustee in bankruptcy. Louisville Trust Co. v. Cominger, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413; Galbraith v. Vallely, 256 U.S. 46, 41 S.Ct. 415, 65 L.Ed. 823. For disbursements made by the assignee either to himself or to others, after petition filed, the bankruptcy court has power summarily to direct repayment. May v. Henderson, supra; In re Stewart, 179 F. 222 (C.C.A.6); In re Karp, 228 F. 798 (D.C.Mass.). There is a like distinction in respect of state court receiverships superseded by bankruptcy within four months. Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605. 77 L.Ed. 1243, 90 A.L.R. 1215.

Here the payment to the accountants was made by the assignee after the filing of the petition in bankruptcy. It was made out of the assets then in custody of the bankruptcy court and without permission of the court. The referee properly held that he had power to order repayment. The fact that the assignee might also have been held to account for this payment does not relieve the persons who received the money.

The referee fixed the value of the services rendered by the respondents at $85 and permitted them to retain this part of the payment. On the record, the respondents were entitled to no more. Randolph v. Scruggs, supra; In re Cohen, 64 F.(2d) 103 (C.C.A.2). The referee's order was correct, and will be affirmed.