**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**BARRETT HERRICK & CO., Inc. and Frederick L. Chapman, Defendants.**

United States District Court
S. D. New York.
Jan. 2, 1957.

Cotton, Brenner & Wrigley, New York City, for Margaret S. Longwell and Harold A. Longwell.

James D. Walsh, New York City, for receiver.

SUGARMAN, District Judge.

In an action commenced on September 11, 1956 by the Securities and Exchange Commission against Barrett Herrick & Co., Inc. and Frederick L. Chapman, under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78aa, the defendants were enjoined from violating certain provisions of the Act and a receiver was appointed to collect and take charge of the assets and property of the corporate defendant and to hold the same subject to the further order of this court.[1]

By motion filed on December 11, 1956, Margaret S. Longwell and Harold A. Longwell move "for an Order directing The Chase Manhattan Bank, Third Party, to deliver to Margaret S. Longwell and Harold A. Longwell, interested Third Parties, Movants, certain securities now in the possession of the Bank, heretofore delivered to the Bank for use by it as collateral security for a loan heretofore made by the Bank to the defendant Barrett Herrick & Co., Inc."

The Chase Manhattan Bank did not appear on the motion although notified thereof.

The receiver by his attorney opposes the motion and requests "that the application be denied in all respects, and that the Chase Manhattan Bank be directed to turn over to the receiver the securities herein held as collateral in order that they may be distributed, together with the other assets of the defendant Barrett Herrick & Co., Inc., ratably among the persons entitled thereto when the Court shall deem such distribution in order, or in any event that the Court direct a hearing be held to determine the person or persons entitled to the securities now held as collateral by the Chase Manhattan Bank."

The papers submitted on the motion are silent as to the jurisdiction of the court to make the order requested.

In essence, the movants allege that prior to the commencement of the main action, as an accommodation, they pledged securities to The Chase Manhattan Bank to secure a 90-day loan from the bank to defendant Barrett Herrick & Co.,

---

1. Fed.Rules Civ.Proc. rule 66, 28 U.S.C.A.; 28 U.S.C.A. §§ 754, 959.

7 Moore's Fed.Prac., 2d Ed., para. 66.08;

Inc.; that at some time after November 20, 1956, when a prior stay against the bank was vacated, the loan was repaid by the bank setting off the amount of the loan against the general account of Barrett Herrick & Co., Inc. with the bank; that, notwithstanding, the bank has refused to return the securities to the movants; and that the receiver has made a demand on the bank for the turnover of the securities to him.

The motion must be denied for lack of jurisdiction of the subject matter. It shows a controversy between movants and the bank, the summary resolution of which is not within the power of the court as distinguished from a suit ancillary to the main action.[2] The issues between movants and the bank are totally divorced from those between the plaintiff Securities and Exchange Commission and the defendant Barrett Herrick & Co., Inc. which gave rise to the main action.

Nor can the prayer of the receiver for affirmative relief be granted in a summary proceeding. His claim is, in effect, that the movants made a contribution to the capital of the corporate defendant and that he is therefore entitled to a summary order directing the turnover of the securities to him. No authority for this position is cited nor has any been found.

No order to show cause was obtained to bring the bank before the court.[3] However, assuming that the bank were cited in,[4] it nevertheless appears that the receiver is relegated to a plenary action in order to attempt to substantiate his claim.[5]

The motion of Margaret S. Longwell and Harold A. Longwell is denied and the prayer of the receiver, deemed a cross-motion, is likewise denied, without prejudice to the assertion of these claims in plenary actions.

It is so ordered.

---

2. Cf. White v. Ewing; 159 U.S. 36, 39, 15 S.Ct. 1018, 40 L.Ed. 67; Union Guardian Trust Co. v. Detroit Trust Co., 6 Cir., 72 F.2d 120.

3. See Central Republic Bank & Trust Co. v. Caldwell, 8 Cir., 58 F.2d 721, at page 731.

4. Cf. Fidelity & Deposit Co. v. Johnson, D.C.E.D.Mich., 275 F. 112.

5. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97; Galbraith v. Vallely, 256 U.S. 46, 41 S.Ct. 415, 65 L.Ed. 823; 40 A.L.R. 903, Annotation: "Right of receiver to take property in summary manner or by summary proceedings from strangers to the record."