## In re HUDDELL et al.[1]

(District Court, E. D. Pennsylvania.    April 3, 1891.)

BANKRUPTCY—CLAIMS IN FAVOR OF UNITED STATES.
 The United States, not being bound by the bankrupt acts, and not being compelled to proceed under them to recover a claim against a bankrupt, are entitled to allowance from the bankrupt estate of its full claim, regardless of the rights of the creditors.

In Bankruptcy.    Exceptions to the award of the register.    Seitzinger was sued on a bond given to the United States.    The register awarded the United States $13,300, the full amount of its claim.

*Francis Rawle* and *Sydney G. Fisher*, for general creditors.

*George H. Baer*, for Philadelphia & R. R. Company.

*W. Wilkins Carr*, Asst. U. S. Atty., for the United States, cited—

As to the right to the government to recover their full claim, *Lewis* v. *U. S.*, 92 U. S. 618; *U. S.* v. *Barnes*, 31 Fed. Rep. 705.

BUTLER, J.    I cannot sustain the exceptions, nor either of them. About the first, second, fourth, and fifth I have not had serious doubt. About the third,—which relates to the allowance of "compound" interest on the government's claim,—I had such doubt while listening to the argument.    This claim was reduced to judgment after the adjudication in bankruptcy, and the judgment twice revived for principal and interest.    The register allowed the sum embraced in the last revival, with interest upon it.    In the absence of *Lewis* v. *U. S.*, 92 U. S. 618, I would hesitate to confirm this allowance.    The case cited, however, sustains it. Starting with the view there pronounced, that "the United States is in no wise bound by the bankrupt act," and not, therefore, required to proceed under it to recover a prior claim against the bankrupt's property, the register's conclusion is unavoidable.    The right to recover the amount of the last judgment, with interest upon it, as against the bankrupt, cannot be doubted; and, if the government is unaffected by the bankruptcy proceedings, it is necessarily unaffected by the rights of creditors under them.    The allowance of simple interest on the claim might be sustained without appealing to the case cited.    The government being entitled to a preference, and entirely secure of payment, the delay in settlement from nursing the estate, must be presumed to have been intended for the benefit of general creditors, and equity would seem to require that the government's loss from this delay should be compensated from the fund for distribution.    Furthermore, the cases cited on the argument show the allowance of such interest under similar circumstances.

[1] Reported by Mark Wilks Collett, Esq., of the Philadelphia bar.