### In re WIENER.

#### (District Court, E. D. New York.   June 18, 1914.)

BANKRUPTCY (§ 378*)—COMPOSITION—FAILURE—WITHDRAWAL OF FUNDS.

Where a bankrupt obtained from a third person funds with which to comply with a composition, and on depositing the same obtained a stay of the bankruptcy proceedings, and the composition was thereafter withdrawn, the amount of expenses incurred during the pendency of the composition offer, which would not have been incurred if the orders of court previous to the composition had been carried out and the bankrupt's property sold in the usual manner, were payable out of the fund so deposited.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 601;   Dec. Dig. § 378.*]

In Bankruptcy.   In the matter of bankruptcy proceedings of David Wiener.   Application for withdrawal of funds deposited to carry out a composition that failed.   Granted on condition.

Nathan M. Hutner, of New York City, for petitioning creditors.
Isidor Block, of New York City, for Lipnitsky.

CHATFIELD, District Judge.   This bankrupt offered a composition and money was deposited by him for that purpose.   He obtained a stay of proceedings on adjudication, and the composition has been withdrawn.   The expenses of the referee in connection with the matter of composition have been paid to him, but the receiver has incurred certain expenses for custodian, rent, light, insurance bills, and storage charges, amounting to $742.31, some part of which at least would have been saved to the estate if a sale had been had by the receiver, or if, after adjudication, the estate had been promptly liquidated after the election of the trustee.   The money deposited by the bankrupt for the purpose of composition was procured by him after adjudication from a third party, was not a part of the funds of the bankruptcy estate, and is not available to pay the claims of the creditors in bankruptcy. But the expenses which have been incurred by the bankrupt, through his own efforts since his status has been determined by adjudication, to retain the property which he formerly had, and to secure the benefits of a composition, should not be borne by the creditors of the estate, and any money advanced for the purpose of putting through a composition is (like all other funds deposited in court for a special purpose) subject to any expense chargeable against this fund, and which has been incurred solely because of the deposit thereof.   In the case of Jacob Stander, previously decided in this court, withdrawal of the fund deposited on composition was refused, until the consent of every creditor was obtained, after notice to the creditors of the application.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the present instance opposition is made to the withdrawal, and the referee, who will be appointed special commissioner if any testimony has to be taken, should report the amount of expenses incurred during the pendency of the composition offer, which would not have been incurred if the orders of court previous to the composition had been carried out, and if the property had been sold in the usual manner.

The amounts so reported, when confirmed by the court, must be paid out of the fund offered for the purposes of the composition, and not from the general estate.