In re MILLER et al.

(District Court, E. D. New York. May 14, 1917.)

1. BANKRUPTCY ☞484—COMPENSATION OF RECEIVER—EFFECT OF COMPOSITION.
   Under Bankruptcy Act July 1, 1898, c. 541, § 48d, 30 Stat. 557 (Comp. St. 1916, § 9632), providing that receivers shall receive commissions not exceeding those therein specified, but that in case of the confirmation of a composition such commission shall not exceed one-half of 1 per cent. of the amount to be paid creditors, and section 48e, providing for additional compensation to trustees or receivers for conducting the business, but further providing that, in case of the confirmation of a composition, such commissions shall not exceed one-half of 1 per cent. of the amount to be paid creditors, if a composition is offered after the appointment of a trustee, the receiver, who has completely earned the amount of his compensation, may be allowed such amount as the court sees fit to allow, up to the regular percentage.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896.]

2. BANKRUPTCY ☞272—COMPOSITION—SECURITY FOR COSTS.
   After an offer of composition by the bankrupt, the expense of conducting the bankruptcy proceeding for the purpose of the composition, instead of for the liquidation of the estate, should be secured by the bankrupt, and, if necessary, paid out of the amount deposited for the purposes of the composition; the creditors being entitled to a distribution of the amount available for that purpose without diminution by the bankrupt in his efforts to effect a composition, unless they consent to or approve of expenses for rent, wages, etc.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 572, 573.]

3. BANKRUPTCY ☞484—FEES OF RECEIVERS—EFFECT OF COMPOSITION.
   If a receiver has already accounted, and his allowance has been fixed or paid, before composition is offered, the confirmation of the composition will not reduce his allowance, nor compel the restoration of any of that already paid.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896.]

4. BANKRUPTCY ☞484—FEES OF RECEIVERS—EFFECT OF COMPOSITION.
   Under Bankruptcy Act, § 2, subd. 5 (Comp. St. 1916, § 9586), empowering courts of bankruptcy to authorize the business of bankrupts to be conduct-

ed for limited periods by receivers, "if necessary in the best interests of the estates," and sections 48d and 48e, limiting the fees of receivers in case of a composition, though, upon presentation of an offer of composition while the estate is in the hands of a receiver, the amount of his commissions as receiver may be immediately reduced, so far as the possible maximum is concerned, to one-half of 1 per cent., he can be called upon to do nothing thereafter, except to hold the property, and if, for the benefit of the bankrupt, he continues to conduct the bankrupt's business, the expense of so conducting it is a legitimate disbursement to be paid by the bankrupt, and not compensation to the receiver, within section 72 (Comp. St. 1916, § 9656), providing that the receiver shall not receive, nor shall the court allow, any other or further compensation for his services than that expressly authorized and prescribed therein.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896.]

5. BANKRUPTCY ⬤⟫174—COSTS AND FEES—PERSONS OR FUNDS LIABLE.

Where a bankrupt, offering a composition, has made a deposit for his attorneys, the amount thereof will be used to meet the expenses of the composition and of the bankruptcy proceedings, if necessary.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884.]

6. BANKRUPTCY ⬤⟫484—FEES OF RECEIVERS—EFFECT OF COMPOSITION.

A receiver, when conducting the business of the bankrupt for the bankrupt after the offer of a composition, should be paid only in a corresponding way to what he would be paid if acting for the benefit of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896.]

In Bankruptcy. In the matter of David Miller and another, individually and as members of David Miller & Son, and the copartnership of David Miller & Son, alleged bankrupts. On application for award of compensation to a receiver. Ordered in accordance with the opinion.

CHATFIELD, District Judge. The court appointed a receiver upon the 13th day of March, 1917, and at the request of the attorney for the petitioning creditors authorized him to continue the business. The Bankruptcy Law (section 2, subd. 3) gives the court authority to appoint a receiver to take charge of the assets until election of a trustee. The compensation of such receiver is fixed at a certain percentage, unless a composition be confirmed, in which event the percentage of the receiver for taking charge of the property cannot exceed one-half of 1 per cent. of the amount paid to creditors. Section 48, subd. "d." The evident purpose of the last provision is to assist bankrupts by keeping down expenses, if they are able to take the estate out of liquidation and preserve their business name. Under section 2, subd. 5, such a receiver or trustee can be authorized to conduct the business of the bankrupt "for limited periods," and by section 48, subd. "e," compensation for these services may be allowed by way of commissions upon the money disbursed or turned over in connection wtih the conduct of the business. But, again, it is provided that, if a composition be confirmed, such commission shall not exceed one-half of 1 per cent. of the amount to be paid creditors.

[1] It is apparent that if a composition is proposed before adjudication, and ultimately confirmed, the receiver's fees will be cut down. If a composition should be offered after the appointment of a trustee,

the compensation to the trustee will be cut down if the composition be confirmed. But in the latter case the receiver would have completely earned the amount of his compensation, and to such amount as the court should see fit to allow the actual services could be paid for, up to' the regular percentage. Section 72 forbids the receiver or trustee from receiving in any form or guise any other or further compensation for his services than that expressly authorized and prescribed in the act, and also forbids an allowance by the court of any other compensation. This emphasizes the mandatory character of the language in the previous sections and also forbids evasion of the rule. It thus frequently happens that, in contemplation of an offer of composition, a receiver or trustee is urged to continue the business for long periods of time, and devotes his own services and business ability to the preservation of the assets as a going concern, only to be met, when the composition is offered, with the proposition that he is limited ·to one-half of 1 per cent. upon the actual amount to be paid to creditors and an additional one-half of 1 per cent. on the same amount for running the business.

In the present case adjudication has been had. No trustee has been appointed as yet, but subsequent to adjudication, and while the property was still in the possession of the receiver, an offer of composition was made, and the amount to be distributed to creditors is $3,-577.96. One-half of 1 per cent. is $17.89. The receiver will therefore have given his personal attention to the conduct of a business of considerable extent for a period of at least two months, and his maximum compensation, as figured by the bankrupt, would be $35.78. The receiver has performed these services at the request of the attorneys for the petitioning creditors and of other creditors, and also at the request of the attorneys for the bankrupt.

[2] It is a well-established proposition in this district that, after an offer of composition by a bankrupt, the expenses of continuing the bankruptcy proceeding for the purpose of the composition, instead of for liquidation of the estate, should be secured by the bankrupt, and, if necessary, paid out of the amount deposited for the purposes of the composition. The creditors are entitled to a distribution of the amount which is available for that purpose, without diminution by the bankrupt in his hope to effect a composition, unless the creditors consent to or approve of a reasonable amount of expenses by the bankrupt therefor. Such items as rent, wages, and the various larger expenses, where an offer of composition drags over a period of several months, are not allowed to be incurred out of the estate without notice to the creditors. In the same way, after an offer of composition is once made, the receiver does not conduct the business for the benefit of the creditors, and there certainly is still less reason why the receiver should be expected to conduct the business for the benefit of the bankrupt, at the reduced maximum compensation which the court can allow, if the property is taken away from the receiver and turned over to the bankrupt at the termination of the composition.

[3, 4] If a receiver has already accounted, and his allowance has been fixed (and· possibly paid) ·before composition is offered, certainly

the mere confirmation of the composition while the estate is in the hands of the trustee would not be sufficient to revert back and reduce the receiver's allowance, nor could he be compelled to restore any of that already paid. In the same way, upon presentation of an offer of composition by a bankrupt while the estate is in the hands of the receiver, the amount of his commissions as receiver may be immediately reduced, so far as the possible maximum is concerned, to the one-half of 1 per cent. rate; but he can certainly be called upon to do nothing thereafter, except to hold the property—that is, to continue to safeguard the property, pending the composition. If the bankrupt wishes to use the estate, or to prevent loss, he must give security therefor, and take the responsibility of the business himself, or he must ask that the receiver be authorized to conduct the business for him, and all expense of so conducting the business is a legitimate disbursement, to be paid by the bankrupt, and is not compensation to the receiver for what has gone before.

[5] In the present case the bankrupt has voluntarily deposited for his attorneys and for the attorney for the petitioning creditors an amount exceeding the total maximum fees of the receiver on any basis which might be proposed. The bankrupt must first pay the expenses of those who are entitled to payment out of the estate, including the allowance to the attorney for petitioning creditors, before the composition is approved, and, if necessary, the amount agreed upon by the bankrupt for his attorneys will be used to meet the expenses of the composition and of the bankruptcy proceedings. The receiver is clearly entitled to one-half of 1 per cent. both for acting as receiver and for continuing the business up to the time of presenting the offer of composition. He is clearly entitled to compensation at the hands of the bankrupt for the services which he has rendered to the bankrupt in conducting the bankrupt's business, without the necessity of security by the bankrupt and so as to prevent loss, in just the same way that the extra rent of the store should be charged against the bankrupt as a part of the amount deposited to cover the necessary expenses of the bankruptcy proceedings.

[6] While, therefore, the receiver is entitled to such compensation, and this allowance would not be contrary to the provisions of section 72 (inasmuch as section 72 is limited to running the business when "necessary in the best interests of the estate"—section 2, subd. 5), nevertheless an unlimited maximum of payment would be contrary to the spirit of the law, and the receiver, when acting for the bankrupt, should be paid only in a corresponding way to what he would be paid if he were acting for the benefit of the estate.

Upon the estimate of expenses and returns from running the business until the date of confirmation, the value of the stock, horses, proceeds of sale, etc., which have passed through the receiver's hands, it would appear that a total payment over and above the amount of the commissions, making his aggregate compensation $150, would be a fair adjustment, and the clerk will be directed to pay the receiver this amount on confirmation of the composition.

The attorneys supporting the composition have at all times expressed a willingness to recompense the receiver, so far as they had money to do so, but considered themselves prohibited by the language of section 72.