## WECHSLER v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
August 9, 1928.

No. 3764.

1. Bankruptcy ⟨⟩346—United States is not bound by failure of bankrupt in composition proceedings to include government's full claim for taxes in schedule (Bankr. Act, § 64 [11 USCA § 104]).

The United States being entitled, under Bankruptcy Act, § 64 (11 USCA § 104), to priority of payment for taxes, it is not bound by failure of bankrupt in composition proceeding, through oversight or otherwise, to file proper schedule setting forth claims of priority to secured creditors, and not including government's full claim in its schedule.

2. Bankruptcy ⟨⟩385—Law requiring filing of claims within one year from adjudication does not exclude any creditor from benefit of composition before adjudication (Bankr. Act, § 57n; 11 USCA § 93(n).

Bankruptcy Act, § 57n, 11 USCA § 93(n), requiring claims to be filed within one year from adjudication, does not operate to exclude any creditor from benefit of composition, where offer is made before there is an adjudication.

3. Bankruptcy ⟨⟩328—United States is not bound by law requiring claims to be filed within one year from adjudication (Bankr. Act, § 57n; 11 USCA § 93(n).

The United States, not being mentioned in Bankruptcy Act § 57n, 11 USCA § 93(n), requiring claims to be filed within one year from adjudication, is not bound by its provisions.

4. Bankruptcy ⟨⟩385—Government, in order to secure priority of payment out of composition fund, must file claim in court.

Though government is not bound to go into bankruptcy court, and its debt is not barred by discharge in bankruptcy, in order to secure priority of payment out of composition fund, the claim must be filed in court.

5. Bankruptcy ⟨⟩387—Government's claim for taxes, filed before composition fund was exhausted, is payable out of fund to extent of undistributed balance, to exclusion of person advancing composition moneys.

Claim of government for taxes, having been filed before composition fund was exhausted, though after offer and acceptance thereof, may be paid out of fund to extent of undistributed balance to exclusion of person who advanced composition moneys and who filed petition claiming undistributed balance.

6. Bankruptcy ⟨⟩385—Claim not included in schedule may be filed and allowed after confirmation of composition.

After confirmation of composition, allowance of claim is not necessary for purpose of establishing it against debtor, if he has already included it in his schedule, but, if it is not included, it may be filed and allowed.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

In the matter of the bankruptcy of Moyer's Home Store, Inc. From a decree (26 F.[2d] 146) reversing an order of the referee, requiring a return of unexpended balance of composition fund to Jack Wechsler, and awarding such balance to the United States, on a claim filed after acceptance of offer in composition, Jack Wechsler appeals. Affirmed.

Ellis Brodstein, of Reading, Pa., for appellant.

Robert M. Anderson and George W. Coles, U. S. Attys., both of Philadelphia, Pa. (C. M. Charest and Maude C. Hawks, both of Washington, D. C., of counsel), for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court awarding an unexpended balance of a composition fund in bankruptcy to the United States, rather than to the appellant, Jack Wechsler, on a claim filed after the offer in composition had been accepted, confirmed, and the creditors paid the stipulated amounts.

On August 28, 1924, an involuntary petition in bankruptcy was filed against Moyer's Home Store, Inc., a Pennsylvania corporation doing business in Reading, Pa. Immediately after the petition was filed and before adjudication, an offer in composition of 25 per cent. "to unsecured creditors and payment in full to priority and secured creditors" was made. This was referred to John H. Bridenbaugh, referee in bankruptcy. The creditors voted to accept the offer. The referee recommended the confirmation of the offer, and on December 3, 1924, the composition was confirmed.

The bankrupt filed a schedule of its liabilities, wherein the government was listed as a creditor entitled to priority in the sum of $237.94. Pursuant to the request of the referee, the bankrupt deposited a suggested amount of money with which to pay creditors and administration expenses. After the confirmation, the government was paid $237.94, a capital stock tax, instead of $131, for which it had filed its proof of claim. After the payment of all creditors and the administration expenses, there was a balance of $859.41 left in the hands of the custodian appointed to distribute the composition fund under the supervision of the special referee. The referee found as a fact, and it seems to be admitted, that the appel-

lant furnished the entire composition fund, including the balance just mentioned, and that he had no interest in the bankrupt, except friendship for its owner.

On May 29, 1925, the United States filed a supplemental claim for $8,237.07, which included the claim for capital stock tax of $237.94 before mentioned, and additional assessments for income taxes for the years 1919 to 1922, inclusive. It is further alleged that there was due the government, at the time the original claim for $8,237.07 was filed, $876.47, income tax for the year 1918.

The appellant contends that the $859.41 belongs to him and he filed a petition for its return. The referee held that he was entitled to the money, and directed that it be turned over to him. On review the District Court reversed the order of the referee, and Wechsler appealed to this court.

The real question at issue is: To whom does this unexpected balance belong? This composition fund has the same status as though deposited by the bankrupt out of its own money. While the bankrupt secured the money from Mr. Wechsler, the Bankruptcy Law (11 USCA) is not concerned with where the bankrupt got the composition fund, nor with any arrangement between it and Wechsler. That the money came from Wechsler is an immaterial incident. But when it was deposited, pursuant to the offer of the bankrupt, it was impressed as a trust fund belonging to the bankrupt, out of which the composition was to be effected.

The petition of the appellant "for return of cash expended in behalf of bankrupt" contained the statement that:

"(2) The above-named bankrupt offered a composition in bankruptcy of 25 per cent. to unsecured creditors and payment in full to priority and secured creditors, which composition was accepted by the creditors of the above-named bankrupt and was subsequently confirmed by the said District Court."

[1-5] The "rights of each creditor are fixed by the terms of the debtor's offer, subject only to its confirmation and the judge's order of distribution." Nassau Smelting & Refining Works v. Brightwood Co., 265 U. S. 269, 273, 44 S. Ct. 506, 507 (68 L. Ed. 1013). The bankrupt, in his offer in composition, agreed to pay in full "priority and secured creditors." There is no contention here that the claim now made by the United States is unjust or untenable. If really due for taxes, the United States is entitled to priority of payment under section 64 of the act (11 USCA § 104). If the bankrupt, through oversight or otherwise, failed to file proper schedules accurately setting forth claims of "priority and secured creditors," the United States is not bound by such failure. The supplemental claim of the government was filed in less than six months after the confirmation of composition, and in any event section 57n of the act (11 USCA § 93(n), requiring claims to be filed within one year from the adjudication, "does not operate to exclude any creditor from the benefit of the composition, where the offer is made before there is an adjudication," as in the instant case. Nassau Smelting & Refining Works v. Brightwood Co., supra. The United States, not being mentioned in section 57n, is not bound by its provisions. In re Atlantic Const. Co. (D. C.) 228 F. 571; Villere v. United States (C. C. A.) 18 F.(2d) 409, 53 A. L. R. 571; Guarantee Title & Trust Co. v. Title Guaranty & Surety Co., 224 U. S. 152, 32 S. Ct. 457, 56 L. Ed. 706. The government is not bound to go into the bankruptcy court, and its debt is not barred by a discharge in bankruptcy; but, in order to secure priority of payment out of a composition fund, the claim must be filed in the court. Failure to do so, with full knowledge of the composition proceedings, before the fund is entirely distributed, waives such right, and leaves no ground on which to hold the trustee, or any person appointed to distribute the fund, liable out of his private estate; but, having filed its claim before the composition fund is exhausted, the claim, if allowed, may now be paid out of this fund to the extent of the undistributed balance. United States v. Murphy (C. C.) 15 F. 589; In re Huddell et al. (D. C.) 47 F. 206; Lewis v. United States, 92 U. S. 618, 23 L. Ed. 513. Neither the appellant nor the bankrupt may take advantage of the latter's error in not including the government's full claim in its schedules.

[6] After confirmation of a composition, the allowance of a claim is not necessary for the purpose of establishing it against the debtor, if he has already included it in his schedule; but, if it is not included, it may be filed and allowed. Nassau Works v. Brightwood Co., supra. To the extent that the unexhausted fund will do so, the claim may be paid out of that fund.

The District Court did not err in awarding the balance of the composition fund to the United States. The decree is affirmed.