## In re GITNIG et al.

## CHALMERS v. SWARTTZ.

### No. 4625.

Circuit Court of Appeals, Third Circuit.

March 1, 1932.

Edward Stone and Aarons, Weinstein, Stone & Goldhaber, all of Philadelphia, Pa., for appellant.

Julius C. Levi and Levi & Mandel, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court ordering Chalmers, trustee in bankruptcy, to refund a certain sum deposited by the bankrupts for a composition settlement with their creditors.

The bankrupts, David Gitnig and Nathan Gitnig, trading as Joseph Gitnig & Sons, offered terms of composition which were accepted by their creditors. After the referee's recommendation, the District Court confirmed the composition. An objecting creditor appealed, and this court reversed the decree of confirmation, holding that the bankrupts had issued certain false statements, although without actual knowledge, with such reckless indifference to the actual facts that they would bar a discharge under section 12 of the Bankruptcy Act (11 USCA § 30), Morimura, Arai & Co. v. Taback Brothers, 279 U. S. 24, 49 S. Ct. 212, 73 L. Ed. 586, and would therefore prevent the confirmation of the composition, since section 12d provides that the judge shall confirm a composition if satisfied that "(2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge," Woolen Corporation v. Gitnig (C. C. A.) 33 F.(2d) 259.

The case was remanded to the District Court. One Swarttz, who is alleged to have furnished the composition money, and the bankrupts, petitioned the referee to refund $9,328.61 to Swarttz. The trustee insisted that the fund was subject to the costs, expenses, and losses arising from and attributable to the composition proceedings. But the referee ordered the money to be refunded to Swarttz. The order was affirmed by the District Court, and the trustee appealed to this court.

The question at issue is whether the District Court has power to charge a fund not belonging to the bankrupt estate, but deposited as a result of an offer in composition, with the expenses of the composition.

The offer in composition appears to have been made in good faith, but the order of confirmation was reversed by this court for a reason existing prior to bankruptcy—the failure of the bankrupts to investigate the terms of certain financial statements, on which they obtained credit, dictated by an obtuse father. The money that Swarttz deposited for the purpose of carrying out the composition was not assets of the estate, but was property acquired by the bankrupts after the petition had been filed. According to the terms of the offer, the fund was subject to the claims of the creditors. Wechsler v. United States (C. C. A.) 27 F.(2d) 850. But it was not intended that the fund should become a part of the estate in bankruptcy if the order confirming the acceptance of the offer was reversed by this court.

Section 12e of the Bankruptcy Act, 11 USCA § 30 (e), provides that: "Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided." The act further provides in section 70a, 11 USCA § 110 (a), that "the trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt." His title therefore does not include the fund offered in composition. By section 64 (11 USCA § 104), the court is authorized to order the trustee to pay out the assets of the estate in the order of priority set forth in paragraph b, subdivision 4 of which provides that, "where the confirmation of the composition terms has been refused or set aside upon the objection and through the efforts and at the expense of one or more creditors, in the discretion of the court, the reasonable expenses of such creditors in opposing such composition" may be paid out of the assets of the estate in the order of priority named. It follows, therefore, that the court shall administer the bankrupt's estate after the failure of an offer in composition as provided in the Bankruptcy Act without including therein the fund offered in composition.

Section 12 of the Bankruptcy Act as amended (11 USCA § 30) expressly authorizes offers in composition. That section of the act also provides the method by which the estate is protected against loss when adjudication is delayed, and the business of the bankrupt continued, in contemplation of the confirmation of a composition. Paragraph (a) of that section states that "action upon the petition for adjudication shall not be delayed, except that the court, for good cause

shown, may, in its discretion delay such action upon such terms and conditions for the protection of and indemnity against loss by the bankrupt estate as may be proper."

There is no authority, therefore, in the act for the lower court to charge the expenses of objecting creditors, or the expenses of operating the business, to a fund not part of the assets of the bankrupt estate, but deposited by a third person for the purpose of effecting a composition. The fund deposited here did not, at any time, belong to the bankrupts' estates, and no one has pointed out any way by which it can be reached.

The decree of the District Court is affirmed.