### COHN v. MOSKOWITZ et al.
### No. 4650.

Circuit Court of Appeals, Third Circuit.

Aug. 15, 1932.

Rehearing Denied Sept. 28, 1932.

Edward Stone, Aarons, Weinstein, Stone & Goldhaber, and Wessel, Bennett & Weiss, all of Philadelphia, Pa., for appellant.

Herman Moskowitz, of Philadelphia, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

ALBERT W. JOHNSON, District Judge.

This is an appeal from a decree of the United States District Court for the Eastern District of Pennsylvania, ordering Bernard R. Cohn, receiver, to pay Herman Moskowitz and Ralph Mitchell certain funds deposited for the purpose of a composition settlement in bankruptcy.

John Rosenfeld operated two stores, trading in jewelry, the one in Philadelphia, the other in Reading, Pa. On January 31, 1928, an involuntary petition in bankruptcy was filed against him. The bankrupt requested the receiver to allow the business to be continued, and several days after the petition in bankruptcy was filed, the bankrupt made an offer of composition of 20 per cent. accompanied by a deposit of $1,000. On February 15, the court below authorized the receiver to continue the bankrupt's business for 30 days.

The creditors accepted the bankrupt's offer of composition on March 1, 1928. On March 10, 1928, the receiver notified the bankrupt that his authority to continue operating the business had expired and that he would not consider continuing the business because of losses. The court below granted an order to continue the business for another period of 30 days provided an indemnity of $2,000 be deposited with the receiver to protect the estate against loss by reason of continuing the business after February 15, 1928. The deposit was made.

On April 5, 1928, the attorney for the bankrupt deposited the sum of $5,256.15 with the receiver to be applied in carrying out the composition; such sum, together with the other moneys in the hands of the receiver, the bankrupt believed to be sufficient to pay the composition and costs.

On April 14, 1928, the bankrupt found that the moneys were not sufficient to effect the composition, and filed an amended offer of composition.

Thereafter the bankrupt was evicted from the premises of the Philadelphia store and withdrew his offer of composition and its amendment. Thereupon, the bankrupt's attorney presented a petition for the return of the deposits on the composition, the sums totaling $6,256.15.

The special referee refused to order the return of the deposits on the ground that they were subject to deduction for the losses sustained by the estate in attempting to carry out the composition. The District Court held that the court was without power to impose the costs of the composition on the fund, and that the recommendation of the referee must be disallowed.

The question before this court is whether the District Court has power to charge a fund deposited as a result of an offer of composition with the expenses of the composition and the expenses incurred in operating the bankrupt's business during the time of the attempted composition.

No question arises before this court as to the right of the bankrupt to withdraw his offer of composition after acceptance by his creditors. Nor is there any question of good faith here. The offer was sufficient as evidenced by the acceptance of the creditors. Likewise, the attempt to amend the offer and the subsequent withdrawal of the offer are consistent with good faith since the bankrupt was evicted and lost the valuable lease to the Philadelphia store.

Offers of composition are expressly authorized by the Bankruptcy Act of July 1, 1898, § 12, as amended June 25, 1910, c. 412, § 5, 36 Stat. 839, as amended May 27, 1926, c. 406, § 5, 44 Stat. 663 (11 USCA § 30).

In the present case, it appears that the bankrupt obtained the money from a friendly creditor to deposit for the purpose of carrying out the composition. These funds were in no sense a part of the bankrupt's estate as they were property acquired by the bankrupt after the filing of an involuntary petition in bankruptcy against him. The fund was subject to the claims of creditors according to the terms of the offer. Wechsler v. United States (C. C. A.) 27 F.(2d) 850.

But the referee and the appellant insisted that the costs, expenses, and losses sustained in the delay of the adjudication of the estate as a result of the bankrupt's attempt to obtain a composition, were chargeable to the deposits. There is no statutory authority to charge the deposits nor under the facts of this case is there any just ground to charge them. The mere fact that the estate has suffered loss is no ground, as the deposits are not funds of the estate.

The statute (11 USCA § 30(a) authorizing the making of offers of composition pro-

vides: "(a) A bankrupt may offer, either before or after adjudication, terms of composition to his creditors, after, but not before, he has been examined in open court, or at a meeting of his creditors, and has filed in court the schedule of his property and the list of his creditors required to be filed by bankrupts. In compositions before adjudication the bankrupt shall file the required schedules, and thereupon the court shall call a meeting of creditors for the allowance of claims, examination of the bankrupt, and preservation or conduct of the estate, at which meeting the judge or referee shall preside; but action upon the petition for adjudication shall not be delayed, except that the court, for good cause shown, may in its discretion delay such action upon such terms and conditions. for the protection of and indemnity against loss by the bankrupt estate as may be proper."

By implication, the statute denies the appellant's contention, as it will be observed that therein the method is provided by which the court may delay action on the. petition for adjudication. "That the court, for good cause shown, may in its discretion delay such action upon such terms and conditions for the protection of and indemnity against loss by the bankrupt estate as may be proper." The court below did so delay the adjudication on the condition that the bankrupt deposit a fund of $2,000 to cover losses.

In the absence of statutory authority, the court must turn to some principle, legal or equitable, for the power to charge the deposits. No such principle is apparent. The creditors had ample means of protecting themselves by the ordinary means. Matter of Morris & Rice (D. C.) 258 F. 712, is a case in point. There it was held that deposits for composition are not chargeable with losses due to delay in liquidation by the bankrupt's offer of composition.

The decree of the District Court is affirmed.

### On Motion to Dismiss Appeal.

On the motion to dismiss the appeal, the appellees contend that the receiver has no power to appeal to this court from a decree of the District Court directing him to return deposits of funds of third persons, such funds having been deposited to effect a composition of a bankrupt's estate. It seems on authority and principle that the receiver has a right to appeal in this case. Bosworth v. Terminal R. Ass'n (C. C. A.) 80 F. 969, 972; Clark, Receivers, § 605. All who have claims against the estate are interested in this suit. It is true by the conclusion of the District Court and of this court, that the deposited funds were never part of the assets of the estate and that the estate never had a claim against them. But the question at issue was whether or not the estate did have an interest in such funds. As it was said in Bosworth v. Terminal R. Ass'n, supra: "He [the receiver] has the right of appeal with respect to any claim asserted by or against the estate, for therein he is the representative of the entire estate. He has the right of appeal from any decree which affects his personal right, for therein he has an interest. But he has not the right of appeal from a decree declaring the respective equities of parties to the suit."

The motion to dismiss the appeal is denied.