**In re C. CICCHETTI CO., Inc.**
**No. 31758.**

District Court, E. D. New York.

March 18, 1937.

Herman Feder, of New York City (Sydney Basil Levy, of New York City, of counsel), for Leo Feder & Son.

J. G. M. Browne, of Brooklyn, N. Y., for petitioner, Catherine Cicchetti.

GALSTON, District Judge.

Cross-motions are made in respect to a fund of $11,406.98 deposited with the clerk of the court on February 3, 1937, in an offer of composition herein.

The offer of composition was opposed and on March 4, 1937, the court rendered its decision denying the motion to confirm the report of the referee and denying the motion to confirm the proposed composition. Catherine Cicchetti seeks to obtain a return of the fund deposited, claiming that the fund deposited was hers.

Simultaneously with the deposit of the funds, she filed a caveat addressed to the clerk of the court, setting forth the following:

"Please take notice that the above named alleged bankrupt has offered terms of composition to its creditors of 35% cash.

"That the funds deposited to enable the said composition to be effected are the property of the undersigned, who is the owner thereof, and permitting said deposit to be made for the purpose aforesaid, and in the event that the said composition is not confirmed by the court, the undersigned claims title thereto and will apply to the court for an order directing the return of said funds to the undersigned."

The petition of the bankrupt forming part of the offer in composition also recites that the funds deposited were those of a third party who was financing the composition.

A creditor opposes the motion on the alleged ground that after the offer of composition was made and while it was pending undetermined before the court, a request was made to the referee to permit the bankrupt and its employees to receive the key to the place of business in order that an inventory of the assets might be made. It is alleged that thereafter and up to March 8, 1937, the keys were in the possession of the bankrupt or its employees and that during some part of the time one Cicchetti, the husband of Catherine Cicchetti, had been in the place of business on numerous occasions and wrongfully and improperly, without the knowledge of the creditors, removed merchandise from the place of business belonging to the alleged bankrupt, and that there was in consequence a wrongful diversion of the assets of the bankrupt. It is rather generally alleged in this petition that the relations between the husband and wife were so intermixed and interwoven that the acts of one were done and performed with the knowledge and consent of the other. Therefore this creditor desires Catherine Cicchetti stayed from withdrawing any of the funds deposited in connection with the offer of composition pending an accounting for property and assets of the above-named bankrupt.

At the outset it may be stated that there is no contention by the objecting creditor that the funds deposited to effect a composition were not the funds of Catherine Cicchetti; and certainly there is nothing

in the record to indicate the contrary. Since the moneys, then, belong to her, heed must be given to the strict terms of the deposit. Creditors knew that the fund was not that of the bankrupt and official notice was given that the funds were those of Catherine Cicchetti. Not only that, but creditors were put on notice that the funds had been deposited for a single purpose with the specific limitation that in the event the composition was not confirmed, as the owner of the fund she would apply to the court for an order directing the return of the funds to her.

Clearly the funds were earmarked. This is a trust fund in the possession of the court for but one purpose and it is not seen how an alleged claim of misappropriation or diversion of the bankrupt's assets should attach to the fund. The precise question arose in Cohn v. Moskowitz et al. (C.C.A.) 60 F.(2d) 804, 805. It appeared there that an offer of composition made by the bankrupt had been withdrawn and the bankrupt's attorney thereupon presented a petition for the return of the composition fund. It appeared that the fund had been provided by a friendly creditor. It was urged that the costs, expenses, and losses sustained in the delay of the adjudication of the estate as a result of the bankrupt's attempt to obtain a composition were chargeable to · the deposits. The Circuit Court of Appeals for the Third Circuit held:

"There is no statutory authority to charge the deposits nor under the facts of this case is there any just ground to charge them. The mere fact that the estate has suffered loss is no ·ground, as the deposits are not funds of the estate. * * *

"In the absence of statutory authority, the court must turn to some principle, legal or equitable, for the power to charge the deposits. No such principle is apparent. The creditors had ample means of protecting themselves by the ordinary means. Matter of Morris & Rice (D.C.) 258 F. 712, is a case in point. There it was held that deposits for composition are not chargeable with losses due to delay in liquidation by the bankrupt's offer of composition."

In Re Bryer (C.C.A.) 281 F. 812, the question presented was not that in the instant case at all. On the contrary, it there appeared that there had been an acceptance by the creditors and it was held that a bankrupt cannot as of right withdraw his offer of composition before confirmation.

In re Miller (D.C.) 243 F. 242, relied upon by the objecting creditor, so far as it bears on the question involved here, holds no more than asserting that after an offer of composition is made by the bankrupt, the expenses of continuing the bankruptcy proceeding for the purpose of composition instead of for liquidation of the estate should be secured by the bankrupt and, if necessary, paid out of the amount deposited for the purposes of the composition.

But the facts presented on this motion do not show at all that there was any expense incurred for the purpose of composition after the offer of composition was made. The same criticism can be made of the pertinency of In re Wiener (D.C.) 215 F. 278.

Finally, on the so-called equities involved, it may ·be observed that the wrongdoing complained of was that of Pasquale Cicchetti, not of Catherine Cicchetti who claims the funds; and even assuming that she had knowledge of his wrongdoing, if there was wrongdoing attributable to him, it is difficult to see how such knowledge can be charged against her right to the trust fund which she created. Also, it may be observed that the allegations of wrongdoing, even on the part of Pasquale Cicchetti, are much too general and vague to justify withholding the moneys to which Catherine Cicchetti is entitled.

Accordingly, the motion for the return of the funds to Catherine Cicchetti is granted and the motion to restrain the payment of the funds is denied. Settle orders on notice.