## In re FAMOUS FURNITURE CO., Inc.
### No. 40583.

District Court, E. D. New York.
March 31, 1942.

Chauncey H. Levy, of New York City, for claimants.

Meyer Lindenbaum, of New York City, for trustee.

ABRUZZO, District Judge.

This is a hearing on the certificate of review heretofore filed on February 25, 1942, by the referee in bankruptcy.

The decision and order directed the trustee to pay certain moneys to five individuals in proportion to the amounts that each contributed toward the $10,000 previously deposited on behalf of the bankrupt during an arrangement proceeding herein.

On April 4, 1941, the bankrupt filed its petition of arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. After prolonged negotiations, the sum of $10,000 was deposited by these individuals with the receiver on behalf of the bankrupt. This amount, deposited on May 9, 1941, was held in a special deposit by the receiver and turned over as a separate fund to the trustee, under a stipulation which states in part:

"It is understood and agreed that in the event that the debtor or its financier fails to deposit the balance of the monies necessary to consummate the arrangement proceeding when said monies are ordered deposited, then and in that event, on three days notice, that part of the $10,000.00 as will indemnify the estate for any loss sustained by the Receiver or the estate by reason of the operation of the business and the making of this amended offer shall be deducted from the $10,000.00 deposited hereunder and the balance shall be returned to the person making such deposit."

The third party claimants who made up the fund of $10,000 assert that the referee properly directed the trustee to turn over the fund less certain deductions to them.

The trustee has submitted several arguments to his petition for review and reversal of the referee's decision and order.

The Court has given thorough consideration to this petition with the result that it is of the opinion that the decision and order of the referee is manifestly correct.

The exhaustive opinion filed by the referee recites in detail the steps taken in this proceeding and it would serve no purpose to reiterate the same in this decision.

The determination of the referee that the balance of the $10,000 fund should be returned to the third party claimants appears to be well taken. The facts of the proceeding and the clause in the stipulation referred to herein come within the purview of the decisions cited by the referee. See In re C. Cicchetti Co. 18 F.Supp. 607; this district, by the Honorable Clarence G. Galston, Cohn v. Moskowitz, 3 Cir., 60 F. 2d 804; Matter of Wiener, D.C., 215 F. 278; Matter of Koegel, 2 Cir., 56 F.2d 827.

The citations submitted by the trustee are not applicable to the case at bar. These decisions refer to disputes between the bankrupt and his creditors where no third party had any interest in the fund deposited. A bankrupt who attempts to regain a deposit made pursuant to an arrangement proceeding is not in the same position as principals who make deposits on behalf of a bankrupt subject to the confirmation of the arrangements proceeding.

In the instant case, the deposit was made by undisclosed principals on behalf of the bankrupt as a trust fund and it was so earmarked. The creditors were cognizant of the fact that the money was not contributed by the bankrupt. The arrangement proceeding was never confirmed.

Therefore, the decision and order of the Referee are confirmed.

Settle order on two (2) days' notice.