## In re PORTAGE WHOLESALE CO.
### No. 7121.

United States District Court
W. D. Wisconsin.
Feb. 2, 1950.

Rubin & Ruppa, Milwaukee, Wis., for debtor.

Ross Bennett, Portage, Wis., John T. Harrington, Madison, Wis., for trustee and receiver.

STONE, District Judge.

On January 21, 1947, the Portage Wholesale Company, a Wisconsin corporation, filed its petition for arrangement under Chapter XI of the Chandler Act, 11 U.S. C.A. § 701 et seq.

On July 25, 1947, it filed herein its second arrangement plan, and pursuant thereto deposited with the court the sum of $25,000.00 and agreed under said arrangement to pay to its unsecured creditors the further sum of $125,000.00, which later on August 18, 1948, by an amended proposal, was increased to $175,000.00.

After the deposit was made the arrangement plan was accepted by the creditors and confirmed by the Court. Thereafter debtor defaulted by failing to pay any part of the

balance of said sum of $150,000.00 into court pursuant to said plan.

On December 16, 1948, after said default, the court, pursuant to notice, entered an order adjudicating the debtor a bankrupt, which order included the following provision: "2. That the sum of Twenty-five Thousand Dollars ($25,000.00) heretofore deposited with the referee in bankruptcy by the Debtor was deposited as a part payment by the Debtor Corporation upon the sum required by its arrangement with its creditors and said sum of Twenty-five Thousand Dollars ($25,000.00) so deposited was money and property of the Debtor Corporation."

On January 6, 1949, more than a year after the said order was entered, the petitioner, Jake Marachowsky, the owner of practically all of the corporate stock of said debtor, petitioned the court to vacate the foregoing provision of said order contending that the deposit did not belong to the debtor but was loaned to it by relatives and friends of the petitioner.

The Trustee has objected to said motion claiming said deposit as an asset of the bankrupt estate.

Sections 706, 737, 756, 761, 763 and 767 of Title 11, U.S.C.A. provide as follows:

Section 706: "(1) 'Arrangement' shall mean any plan of a debtor for the settlement, satisfaction, or extension of the time of payment of its unsecured debts, upon any terms;

&ast; &ast; &ast; &ast; &ast; &ast;

"(3) 'Debtor' shall mean a person who could become a bankrupt under section 22 of this title and who files a petition under this chapter;

&ast; &ast; &ast; &ast; &ast; &ast;

"(5) 'Petition' shall mean a petition filed under this chapter by a debtor proposing an arrangement."

· Section 737: "&ast; &ast; &ast; the judge or referee shall, after the acceptance of the arrangement—

&ast; &ast; &ast; &ast; &ast; &ast;

"(2) fix a time within which the debtor shall deposit, in such place as shall be designated by and subject to the order of the court, the consideration, if any, to be dis-

tributed to the creditors, the money necessary to pay all debts which have priority, &ast; &ast; &ast; and the money necessary to pay the costs and expenses of the proceedings and the actual and necessary expenses incurred in connection with the proceedings &ast; &ast; &ast;;

"(3) fix a time for the filing of the application to confirm the arrangement and for a hearing on the confirmation thereof or any objections to the confirmation, &ast; &ast; &ast;".

Section 756: "An arrangement within the meaning of this chapter shall include provisions modifying or altering the rights of unsecured creditors generally or of some class of them, upon any terms or for any consideration."

Section 761: "An arrangement which at the meeting of creditors, as provided in section 736 of this title, has been accepted in writing by all creditors affected thereby, whether or not their claims have been proved, shall be confirmed by the court when the debtor shall have made the deposit required under this chapter and under the arrangement, and if the court is satisfied that the arrangement and its acceptance are in good faith and have not been made or procured by any means, promises or acts forbidden by this title."

Section 763: "Alterations or modifications of an arrangement may be proposed in writing by a debtor, with leave of court, at any time before the arrangement is confirmed."

Section 767: "Upon confirmation of an arrangement—

"(1) the arrangement and its provisions shall be binding upon the debtor, &ast; &ast; &ast; and upon all creditors of the debtor, whether or not they are affected by the arrangement or have accepted it or have filed their claims, and whether or not their claims have been scheduled or allowed and are allowable; .

"(2) the money deposited for priority debts and for the costs and expenses shall be disbursed to the persons entitled thereto;

"(3) the consideration deposited, if any, shall be distributed and the rights provided

by the arrangement shall inure to the creditors affected by the arrangement * * *."

The debtor's arrangement proposal, coupled with the deposit; its acceptance by the creditors and confirmation by the court created a mutual and binding obligation upon the debtor and the creditors. One of the purposes of the deposit was to indemnify the bankrupt estate against loss by the estate incurred subsequent thereto in the event of a default by debtor. The deposit was consistent with the possibility that the debtor might default. It was a guarantee of debtor's good faith and of its performance of its arrangement plan.

Under the provisions of Chapter XI of the Chandler Act above cited, the creditors are not concerned with any agreement debtor may have had with a third person in procuring funds for the deposit. The Statute does not permit anyone other than the debtor to make the arrangement proposal or the deposit thereunder.

The deposit was made by the debtor and when the debtor defaulted and was adjudicated a bankrupt the deposit automatically became an asset of the bankrupt estate to be used as provided by Statute for the payment of priority debts and the costs and expenses of administration.

In this instance the Trustee has applied the deposit toward the payment of unpaid taxes in the sum of $11,533.87, and the balance on the costs and expenses of administration.

All of the cases cited by counsel for petitioner except the Famous Furniture Co. case, D.C., 43 F.Supp. 946, arose under the old Bankruptcy Act and have no bearing upon the issues presented by this motion.

The facts in the Famous Furniture case differ and are in no way analogous to those in this proceeding. In that case it appeared from the written stipulation filed in the proceedings that the money deposited was loaned to debtor by a third person, and that in the event the arrangement plan was not accepted by the creditors that the portion of the deposit not used by the court for expenses would be returned to the loanor. The arrangement plan was not accepted by the creditors and the balance of the deposit was returned to the loanor pursuant to the stipulation.

On the motion before this court it is undisputed that after the deposit was made the plan was accepted and was confirmed by the court, and thereafter debtor defaulted in the performance of its obligations under the plan and was adjudicated a bankrupt.

No case with similar facts has been cited by counsel or found by the court.

The petition to vacate the order dated December 16, 1948, was not filed until January 6, 1949. The order to show cause based on said petition was dated January 11, 1949, more than a year after the entry of the order sought to be vacated.

Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C.A., defines a judgment as follows: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

Rule 59(e) of said Rules provides that "A motion to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment." Petitioner has failed to comply with this Statute.

No claim was or could be made that the order was entered by mistake, inadvertence or excusable neglect. The attorneys now representing petitioner represented him and the debtor before and at the time the order was entered and subsequent thereto.

The petitioner is not entitled to a return of the deposit for the reason that on debtor's default the deposit became an asset of the bankrupt estate to be applied by the Trustee toward the payment of priority debts and the costs and expenses of administration, and for the further reason that the motion was not filed within the time fixed by Statute.

The most that can be said for petitioner's claim is that he may possibly stand in a position similar to other unsecured creditors and entitled to share in the distribution of the assets of the bankrupt's estate.

It is therefore ordered, adjudged and decreed that the petitioner's motion be and the same hereby is denied, without costs.