**In re PORTAGE WHOLESALE CO.**

**MARACHOWSKY v. DEVINE.**

**No. 10152.**

United States Court of Appeals Seventh Circuit.

Argued Feb. 5, 1951.

Decided March 2, 1951.

Rehearing Denied March 24, 1951.

David A. Canel, Leonard A. Canel, Chicago, Ill., for appellant.

Ross Bennett, Portage, Wis., for appellee.

Before MAJOR, Chief Judge, KERNER and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

The debtor corporation, on January 21, 1947, filed its petition for arrangement under Chapter XI of the Chandler Act, Title 11 U.S.C.A. § 701 et seq. On July 25, 1947, a second arrangement plan was filed, pursuant to which there was deposited with the court the sum of $25,000.00, with the further agreement to pay the unsecured creditors the additional sum of $125,000.00, which sum was on August 18, 1948, by a second amended proposal, increased to $175,000.00. The plan was ac-

---

1. Following the argument of the instant case, the claimant personally addressed to the Court a motion for reargument. The motion will be denied without, however, prejudice to any procedure under the Rules of this Court, or otherwise, which the claimant may now desire to invoke.

cepted by the creditors and confirmed by the court. Thereafter, the debtor defaulted in the payment of the $150,000.00 as called for by the plan.

On December 16, 1948, the court adjudicated the debtor a bankrupt, and ordered a forfeiture of the $25,000.00 which had theretofore been deposited by the debtor with the referee in bankruptcy. On January 6, 1949, a petition was filed by Jacob H. Marachowsky, in which it was alleged, among other things, that the $25,000 deposited had been borrowed by him, that no part of said sum was assets or property of the debtor corporation, and prayed that the money so deposited be returned to petitioner. After notice to the interested parties, a hearing was had and on February 2, 1950, an order was entered denying the motion to vacate. This order among other things stated, "The deposit was made by the debtor and when the debtor defaulted and was adjudicated a bankrupt the deposit automatically became an asset of the bankrupt estate to be used as provided by Statute for the payment of priority debts and the costs and expenses of administration." The order also stated that the deposit had been applied toward the payment of unpaid taxes in the sum of $11,533.87, and the balance on the costs and expenses of administration. It is from the order of February 2, 1950, denying the motion to vacate, that the appeal comes to this court.

The contention of Jacob H. Marachowsky (hereinafter referred to as appellant) in this court, both in his brief and oral argument, rests upon the assertion that the $25,000.00 deposited with the referee in bankruptcy was not the money and property of the debtor but that of appellant. He further contends that for this reason he was entitled to a return of the deposit upon the failure of the debtor to perform under the arrangement which it had proposed. It is evident that appellant's contention can be sustained only if the premise upon which it rests is acceptable and that the issue, as thus narrowly presented, makes it unnecessary to consider a multitude of questions which lurk in the record.

The issue as presented by the appellant is emphasized by the cases upon which he relies. In re Koegel (Ex parte Buss), 2 Cir., 56 F.2d 827; In re Gitnig (Chalmers v. Swarttz), 3 Cir., 57 F.2d 43; In re Famous Furniture Co., Inc., D.C., 43 F.Supp. 946. The first two named cases were concerned with the composition provision of the Bankruptcy Act, while the last named case arose under the arrangement provision of the Chandler Act, with which we are now concerned. In all these cases, money which had been deposited in connection with a composition or arrangement or some part of it was, upon the failure of the plans proposed, ordered returned to the person who had made the deposit, and in each case such person was one other than the debtor. In the Famous Furniture Company case, five individuals deposited the money in connection with an arrangement proceeding under a stipulation to the effect that the deposit was to indemnify the estate for any loss sustained by reason of the proposed offer and that any balance was to be returned to the persons making the deposit. Upon failure of the debtor to consummate the plan, it was held that the individual depositors were entitled to a return of the balance of such deposit in accordance with the stipulation.

■ That the money here deposited was borrowed is not in dispute. The question under the issue presented is whether it was borrowed by the debtor and deposited by it or borrowed by appellant in his individual capacity and deposited by him as such. Notwithstanding appellant's vigorous contention that it was the latter, we think the record clearly demonstrates to the contrary. Appellant was the holder of 260 out of a total of 274 shares of the corporate stock and he was its principal officer and managing agent. The fact, if such it be, that he was instrumental in procuring the loan from a third party does not mean that he was acting in an individual capacity rather than on behalf of the corporate debtor.

As bearing on the disputed question, it is significant to note that appellant's name as an individual appears in the record

for the first time as a petitioner for the return of the deposit. The various arrangement proposals were submitted by the debtor which made the offer, including the deposit. The second amended arrangement proposal, dated September 1, 1948, made by the debtor, recited among other things that at a meeting of the directors held August 31, 1948, it was resolved "That Jake Marachowsky on behalf of the Portage Wholesale Company, be authorized to sign and present such amended petition and such amended plan to the court; that Jake Marachowsky is authorized to borrow an additional sum of $25,000 so that the Portage Wholesale Company will have $150,000 plus the $25,000 now on deposit with the court, a total of $175,000, borrowed money, to effectuate such second amended arrangement and plan." It was further recited "That the present $175,000, including the $25,000 on deposit which he [appellant] has borrowed, is the limit of the Portage Wholesale Company's borrowing power." Not only did the debtor propose to make the deposit, but the court in its order confirming the arrangement expressly recognized that the deposit had been made by the debtor. Furthermore, the record indicates that the money representing the deposit was never in the hands of appellant but that it was presented to the referee in bankruptcy by counsel for the debtor in the form of a check issued by a third party and payable to the referee.

Sec. 337 of the Chandler Act, Title 11 U.S.C.A. § 737, provides that the judge or referee shall, after the acceptance of the arrangement, "fix a time within which the debtor shall deposit * * * the consideration, if any, to be distributed to the creditors, the money necessary to pay all debts which have priority, * * * and the money necessary to pay the costs and expenses of the proceedings and the actual and necessary expenses incurred in connection with the proceedings * * *." Sec. 367, Title 11 U.S.C.A. § 767, provides that upon confirmation "the arrangement and its provisions shall be binding upon the debtor * * *" and that "the money deposited for priority debts and for the costs and expenses shall be disbursed to the persons entitled thereto."

As already noted, the arrangement proposal was agreed to by the creditors and confirmed by the court. While we have been unable to find any case construing this particular statute, it would seem that under the plain language the deposit, upon confirmation of the arrangement, at once became available for the payment of priority debts and for the costs and expenses of the proceeding, and that it could and perhaps should have been at that time so expended. The language of the statute indicates that such was the precise purpose for which the deposit was required and made, and this irrespective of whether the debtor defaulted in the payment of the balance of the money which it had agreed to pay.

▮ Appellant attempts to make the point that it was no fault of the debtor that the arrangement as proposed and confirmed was not consummated. It is suggested that on December 16, 1948, the date on which the debtor was adjudicated a bankrupt, there were presented in open court cashier's checks in the sum of $150,000.00, the amount remaining unpaid on the proposal, which it is intimated the court arbitrarily refused to accept. It is true the record discloses that a third party, apparently interested in making a loan to the debtor, was in court with the checks, but the record also shows that they were offered only on certain conditions, to be complied with by the debtor. Such compliance was not forthcoming and the adjudication in bankruptcy was decreed. Whether, if the court had granted further time, the arrangement could have been consummated is a matter of speculation. The proceeding at that time had been pending for almost two years and we have no basis for doubt but that the court had good reason for terminating the proceeding at that point.

We find no occasion to consider or discuss any issue other than whether the $25,000.00 deposit was the money and property of appellant or of the debtor. We agree with the District Court that it was

the latter and that it was immaterial as to where or from what source it was obtained.

The order appealed from is

Affirmed.